NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30252 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00080-JO-1 |
| v. | |
| CHAD STEPHEN WILSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted March 5, 2018
Portland, Oregon

Before:  N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,[**] District Judge.

Chad Stephen Wilson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  His appeal challenges only the district court's order denying his motion to suppress.  We have jurisdiction under

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

28 U.S.C. § 1291. We review the district court's ruling de novo, but we review the court's underlying factual findings for clear error. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017). We affirm.

1. The warrantless search of Wilson's drawstring backpack complied with the Fourth Amendment as a reasonable protective search under *Michigan v. Long*, 463 U.S. 1032 (1983). At the time of the search, there was reasonable suspicion to believe that Wilson (or Smith, another recent occupant of the vehicle that was searched) was "dangerous and [could have] gain[ed] immediate control of weapons." *Id.* at 1049.

2. The warrantless search of Wilson's drawstring backpack also complied with the Fourth Amendment as a reasonable search incident to arrest under *Arizona v. Gant*, 556 U.S. 332 (2009). Wilson was "unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* at 343. Under such circumstances, the officers could conduct a warrantless search of the backpack in the passenger compartment without violating the Fourth Amendment. *Id.* at 345. The fact that the search occurred prior to Wilson's arrest did not make it unreasonable. At the time of the search, the officers possessed probable cause to believe Wilson had unlawfully possessed a restricted weapon, and the search was "roughly contemporaneous" with the arrest. *United States v. Smith*, 389 F.3d 944, 951–52 (9th Cir. 2004) (per curiam).

2

**AFFIRMED.**